992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHWEST ADMINISTRATORS, INC., Plaintiff-Appellee,
v.
TRUCK-A-WAY, a California corporation, also known as
Truck-A-Way of California and as Truck-A-Way
Corporation, Defendant-Appellant.
 No. 91-16803.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided April 28, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Truck-A-Way, Inc. ("Truck-A-Way") appeals the district court's grant of summary judgment in favor of Northwest Administrators, Inc. ("Northwest"). The court ordered payment by Truck-A-Way of employer pension contributions for probationary employees for the period from March 1, 1985 through December 31, 1988. Truck-A-Way also appeals the court's dismissal of its motion for partial summary judgment and cross-claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 Truck-A-Way is a trucking company engaged in the hauling of agricultural products. Since 1968, Truck-A-Way has entered into a number of collective bargaining agreements with Teamsters Local Union No. 490 ("Local 490") governing the wages, hours, and working conditions of Truck-A-Way's drivers. These agreements require Truck-A-Way to pay pension contributions on behalf of covered employees to the Western Conference of Teamsters Pension Trust Fund ("Trust Fund"). Northwest is the administrator of this Trust Fund.
 
 
 4
 The collective bargaining agreements at all relevant times consisted of a preprinted, area-wide contract entitled the California Master Agreement and Supplemental Agricultural and Horticultural Agreement to the California Master Agreement ("A & H Agreement"). Truck-A-Way and Local 490 periodically modify the A & H Agreement with side letter agreements.
 
 
 5
 Article X, § 1 of the A & H Agreement provides for pension contributions to the Trust Fund as follows:
 
 
 6
 Each Employer who is covered by this Agreement shall contribute to the Western Conference of Teamsters Pension Fund for each regular or casual employee covered by this Agreement ... for each compensable hour up to a maximum of one hundred and eighty (180) hours per month and a maximum of two thousand eighty (2080) hours per calendar year.
 
 
 7
 (emphasis added). No language in Article X or the A & H Agreement as a whole specifically excludes pension benefits for new hires during any initial period of employment.
 
 
 8
 In a 1977 side letter agreement, however, Truck-A-Way and Local 490 modified the collective bargaining agreements to establish a 60-day "probationary period" during which new employees would not be entitled to pension benefits.[1] When Truck-A-Way and Local 490 renegotiated their contract in 1979, the parties agreed upon a side letter agreement containing a similar probationary period provision.
 
 
 9
 In a letter dated May 14, 1980, Northwest informed Local 490 and Truck-A-Way that the language in the side letter agreements excluding employee pension benefits during the probationary period violated the 1970 Trust Fund Policy on Acceptance of Employer Contributions and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The letter also informed Truck-A-Way that Northwest would accept no further contributions unless the objectionable pension waiting period was omitted from the collective bargaining agreement.
 
 
 10
 In response, Truck-A-Way and Local 490 adopted a letter of agreement dated November 6, 1980, which again agreed to the terms and conditions of Article X of the A & H Agreement. Accordingly, on November 20, 1980, Northwest informed the parties that the modification to the collective bargaining agreement was acceptable, i.e., conformed with the 1970 Trust Fund policy and ERISA.
 
 
 11
 On July 15, 1983, Truck-A-Way and Local 490 renegotiated their collective bargaining agreement for the period of May 16, 1982 through May 15, 1985. The 1983 side letter agreement, executed in connection with the renegotiated agreement, provided in part that the A & H Agreement would govern the parties' relationship, "with certain exceptions previously agreed upon, or as modified by the Parties to be set forth in a separate document." In addition, the letter of agreement provided for a 60-day probationary period. The letter of agreement, however, contained no specific provision regarding a waiting period for pension contributions during the probationary period.
 
 
 12
 In May 1986, Truck-A-Way and Local 490 again renegotiated their collective bargaining agreement. The parties signed a side letter agreement agreeing to be bound by and to accept all the terms and conditions of the A & H Agreement for the period from May 16, 1985 to May 15, 1989, again "with certain exceptions as previously agreed upon, or as modified by the Parties to be set forth in a separate document." In addition, the 1986 side letter agreement provided for a 90-day probationary period "as provided by [the] A & H agreement."[2] Again, the A & H Agreement contains no language excluding pension benefits for new hires within the probationary period.[3]
 
 
 13
 Following a 1989 audit of Truck-A-Way's payroll records, Northwest concluded that Truck-A-Way was delinquent in contributions to the Trust Fund. Specifically, Northwest determined that Truck-A-Way owed probationary employees pension contributions for the period from March 1, 1985 through December 31, 1988.
 
 
 14
 On August 22, 1990, Northwest filed the present action, pursuant to §§ 502(a) and 515 of ERISA, 29 U.S.C. §§ 1132(a), 1145. The action sought recovery of delinquent contributions for the period in question. Truck-A-Way cross-claimed, alleging that it had actually overpaid pension contributions.
 
 
 15
 Northwest moved for summary judgment to require Truck-A-Way to make pension contributions for each hour worked without regard to any probationary period. Truck-A-Way opposed the motion and filed a cross-motion for summary judgment. Specifically, Truck-A-Way requested partial summary judgment on the following issues: (1) the 90-day probationary period provision in the 1986 Letter of Agreement excludes pension contributions during the probationary period, does not breach the Trust Agreement, and is enforceable; and (2) Northwest's claim for contributions for the period of March 1, 1985 through August 21, 1986 is barred by California's four-year statute of limitations. Truck-A-Way did not allege in either its opposition motion or cross-motion for summary judgment that it had overpaid contributions to Northwest.
 
 
 16
 On August 27, 1991, the district court granted summary judgment in favor of Northwest. In so ruling, the court found that the contract documents were unambiguous in light of the following undisputed material facts: (1) prior written notice from Northwest to Truck-A-Way had alerted Truck-A-Way to the Trust Fund policy requirements that contributions must be made for covered work commencing with the "first compensable hour "; (2) the prior written notice had specifically criticized the earlier agreements that allowed the exclusion of pension contributions during the then 60-day probationary period; and (3) in the collective bargaining agreement for the audit period, there was a clear absence of any probationary period exclusionary provision that relieved Truck-A-Way from its obligation to pay pension contributions from the first compensable hour. Based on the foregoing, the district court also denied Truck-A-Way's motion for partial summary judgment. Accordingly, the court awarded Northwest unpaid contributions, interest, liquidated damages, and reasonable attorney's fees. Finally, on October 7, 1991, the district court dismissed Truck-A-Way's cross-claim with prejudice.
 
 
 17
 Truck-A-Way now appeals the district court's grant of summary judgment in favor of Northwest and dismissal of Truck-A-Way's cross-claim with prejudice.
 
 ANALYSIS
 I. Summary Judgment
 
 18
 We review de novo the district court's grant of summary judgment. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, we must not weigh conflicting evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); F.D.I.C. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 19
 The moving party has the initial burden of demonstrating the absence of any genuine issues of material fact. Celotex, 477 U.S. at 323. Once this burden has been satisfied, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Id. But the existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand summary judgment; rather there must be evidence on which the jury could reasonably find for the non-moving party. Liberty Lobby, 477 U.S. at 252.
 
 
 20
 Northwest satisfied its initial burden by providing substantial, undisputed evidence to demonstrate that the collective bargaining agreement as adopted and modified by the 1986 side letter agreement requires Truck-A-Way to make pension contributions on behalf of probationary employees. Specifically, Northwest produced: (1) the 1970 Trust Fund Policy, which stated that pension contributions would be made starting with the first compensable hour of employment; (2) the A & H Agreement, itself, which contained no language excluding pension contributions for probationary employees; (3) the May 14, 1980 letter from Northwest informing Truck-A-Way that the exclusion of pension benefits violated both the 1970 Trust Fund Policy and ERISA; (4) the 1983 side letter agreement that was adopted in response to Northwest's May 14, 1980 letter and was conspicuously devoid of any provision excluding pension contributions for probationary employees; and finally, (5) the 1986 side letter agreement that adopted a 90-day probationary period pursuant to the terms of the A & H Agreement.
 
 
 21
 Accordingly, the burden shifted to Truck-A-Way to set forth specific facts demonstrating an issue for trial. Celotex, 477 U.S. at 323. Truck-A-Way, however, was able to produce only a scintilla of evidence to demonstrate a genuine issue of material fact. Specifically, Truck-A-Way introduced an unsigned 1985 letter that expressed Truck-A-Way's intent not to pay pension contributions for probationary employees. Truck-A-Way produced no evidence to explain why the subsequent signed 1986 letter contained no language showing the parties' intent to exempt Truck-A-Way from making pension contributions for probationary employees.
 
 
 22
 Hence, we conclude that the district court did not err in granting summary judgment in favor of Northwest because: (1) there was no genuine issue of material fact; and (2) the evidence unequivocally demonstrated the parties' intent to require payment of pension contributions for probationary employees.
 
 II. Consideration of Extrinsic Evidence
 
 23
 Truck-A-Way contends that the district court erred by failing to consider certain extrinsic evidence before granting summary judgment in favor of Northwest. Truck-A-Way, however, is unable to identify any specific evidence that the court failed to consider. Hence, we conclude that Truck-A-Way's claim is without merit.
 
 
 24
 III. Statute of Limitations.
 
 
 25
 We review the district court's application of a state statute of limitations for clear error. Rose v. U.S., 905 F.2d 1257, 1259 (9th Cir.1990).
 
 
 26
 In ERISA actions, we must apply California's statute of limitations. Northern California Retail Clerks Union and Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc., 906 F.2d 1371, 1372 (9th Cir.1990). California has a four-year statute of limitation for breach of contract actions. Id.; Cal.Civ.Proc.Code § 337 (West 1982). Because ERISA actions are federal, however, we must apply federal law to determine when the cause of action accrued. Id.
 
 
 27
 Under federal law, the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury that is the basis of the action. Jumbo Markets, 906 F.2d at 1372 (citation omitted). Hence, in this case, the four-year statute of limitations did not begin to run until Northwest, as administrator of the trust, knew or had reason to know of an underpayment by Truck-A-Way.
 
 
 28
 An employer has a fiduciary obligation to report the basis on which the pension contributions are made to an ERISA fund "faithfully and punctiliously." Id. The employer also has a fiduciary duty to disclose any underreporting of benefits. Id. The trust fund, itself, however, has no duty to verify the basis of employer contributions unless particular facts provide reason to know of an error. Id. at 1373.
 
 
 29
 Hence, Truck-A-Way had a fiduciary duty to report the basis on which its pension contributions were made and to disclose any underreporting of benefits. Northwest did not have a duty to verify Truck-A-Way's reporting of pension contributions unless it had reason to know of an error. Before the 1989 audit, Northwest had no reason to know that Truck-A-Way was delinquent in its contributions to the fund. The language in the 1986 letter agreement did not alert Northwest to any potential deficiency in pension benefits because Northwest understood the probationary period language to apply to seniority, not pension benefits. Accordingly, the statute of limitations did not start running until after the 1989 audit was completed. Because Northwest filed this action in district court on August 22, 1990, the district court did not err in finding that the four-year statute of limitations did not bar Northwest's claim for unpaid employee pension contributions.
 
 IV. Dismissal of Truck-A-Way's Cross-Claim
 
 30
 We review de novo the district court's dismissal of the claim. Sepulveda v. Pacific Maritime Ass'n, 878 F.2d 1137, 1139 (9th Cir.), cert. denied, 493 U.S. 1002 (1989). We will only reverse the court's factual findings if they are clearly erroneous. Id. The district court may involuntarily dismiss an action if, after considering the evidence, the plaintiff has not established a prima facie case. Id.
 
 
 31
 Truck-A-Way asserts that the district court erred in dismissing its cross-claim for overpayment of pension contributions. Consequently, Truck-A-Way requests we remand the matter so that the district court may resolve the remaining issues addressed in the cross-claim. In its cross-claim, Truck-A-Way alleges that it overpaid pension contributions to Northwest. Truck-A-Way, however, has not presented any evidence to support its contention. In addition, Truck-A-Way failed to address this allegation in either its motion for summary judgment or its opposition to Northwest's motion for summary judgment. Hence, Truck-A-Way failed to establish a prima facie case on its claim that it overpaid pension contributions to Northwest. Consequently, the district court did not err when it dismissed Truck-A-Way's cross-claim with prejudice.
 
 
 32
 Accordingly, WE AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically the side letter agreement read:
 It is agreed that new employees will acquire permanent status if employed beyond a sixty (60) day trial period and will be paid holidays and Health & Welfare & Pension after the 60 day period.
 (emphasis added).
 
 
 [2]
 Northwest understood the words "probationary period" to apply to rights inherent in seniority and not to entitlement to pension contributions. During the probationary period, an employer can fire a new employee without having to following the union's grievance procedures. Once an employee attains seniority, however, these grievance procedures must be followed
 
 
 [3]
 Truck-A-Way contends that an additional side letter agreement dated May 10, 1985 specifically stated that probationary employees would not be entitled to benefits, including pension contributions. This document, however, is unsigned, and apparently was never received by Local 490. Hence, the district court correctly concluded that the document was not material evidence